Citation Nr: 1527831 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-20 410 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

Entitlement to a compensable rating for status post right inguinal herniorrhaphy with scar prior to June 8, 2010, and a rating in excess of 10 percent thereafter.


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel



INTRODUCTION

The Veteran had active military service from December 1983 to August 2005.

This appeal comes to the Board of Veterans' Appeals (Board) from a March 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey.

In a May 2011 rating decision, the Veteran was awarded an increased rating of 10 percent effective June 8, 2010 for his service-connected status post right inguinal herniorrhaphy with scar. The increased rating constitutes a partial grant of benefits, such that the issue remains on appeal and is for consideration by the Board. See AB v. Brown, 6 Vet. App. 35 (1993) (a claim for an original or an increased rating remains in controversy when less than the maximum available benefit is awarded). 

In November 2013, the Board denied an increased rating for the status post right inguinal herniorrhaphy with scar. The issues of entitlement to a compensable rating for low back benign interdermal inclusion cysts and entitlement to service connection for loss of a creative organ and recurrent numbness in the left upper extremity were remanded at that time and, at the time of this decision, have not been recertified to the Board. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In March 2015, the Court vacated the Board's decision and remanded this issue to the Board pursuant to a joint motion for partial remand (JMR), dated the same month. Accordingly, this issue is again before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.



REMAND

The March 2015 JMR indicated that the issue of entitlement to a compensable rating for status post right inguinal herniorrhaphy with scar is inextricably intertwined with the issue of entitlement to a compensable rating for low back benign interdermal inclusion cysts, which was remanded for a scars examination in November 2013. The parties to the JMR noted that the outcome of the scars examination could have direct bearing on the Veteran's disability rating for status post right inguinal herniorrhaphy scar, under the relevant diagnostic codes. Thus, these claims are inextricably intertwined, and further appellate adjudication for the issue remanded herein must be deferred until the requested remand development is completed. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (where a claim is inextricably intertwined with another claim, the claims must be adjudicated together).

Accordingly, the case is REMANDED for the following action:

After the requested development from the Board's November 2013 remand regarding the inextricably intertwined claim of entitlement to a compensable rating for low back benign interdermal inclusion cysts is completed, readjudicate the Veteran's claim for entitlement to a compensable rating for status post right inguinal herniorrhaphy with scar prior to June 8, 2010 and a rating in excess of 10 percent thereafter, with consideration of any additional relevant evidence of record. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).